UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAKOTA LEE ZERBST,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF PHOENIX,<br><br>Defendant. | CIV. 19-5058-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff Dakota Lee Zerbst, appearing *pro se*, brought this action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, against defendant, the University of Phoenix. (Docket 1). Plaintiff moves for leave to proceed *in forma pauperis*. (Docket 2). Also pending before the court are plaintiff's motions to appoint counsel, a motion requesting a CM/ECF account to electronically file documents, and a motion to withdraw his request for waiver of service. (Docket 3, 6 & 7). The court grants plaintiff leave to proceed *in forma pauperis* and dismisses the case.

**I.** *In Forma Pauperis* **Status**

Section 1915(a)(1) of Title 28 of the United States Code permits the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). In his declaration, plaintiff indicates he makes approximately $300 per month in

wages and has no savings or other assets. (Docket 2). The court finds plaintiff is indigent within the meaning of § 1915(a)(1) and grants him leave to proceed *in forma pauperis*.[1]

## II. Complaint Screening

### A. Legal standard

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that—
>
> . . .
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court to *sua sponte* review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

To survive the screening process, a *pro se* plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] complaint must allege 'more than

---

[1] Plaintiff informed the court by letter that he is now incarcerated. (Docket 8). Because plaintiff filed this complaint before his incarceration, the court will not treat it as a prisoner complaint.

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. The court "will not mine a lengthy complaint searching for nuggets that might refute obvious pleading deficiencies." Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017) (quotations omitted).

Because plaintiff raises a claim under the FCA, his complaint must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). United States ex rel. Strubbe v. Crawford Cty. Mem'l Hosp., 915 F.3d 1158, 1163 (8th Cir. 2019).

> To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. . . . Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud.

United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (internal quotations and citations omitted). "While Rule 9(b) is context specific and flexible, a plaintiff cannot meet this burden with conclusory and generalized allegations." Strubbe, 915 F.3d at 1163 (internal quotation and citation omitted).

3

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

**B.     Analysis**

Plaintiff alleges defendant fraudulently uses federal education funding by:

1. Pressuring its employees to enroll as students "to fraudulently inflate its graduation & job placement statistics[.]" (Docket 1 at p. 3).

2. "[P]urposefully engaging in overpayments" and allowing employees to attend "tuition-free" while representing "to the federal government that they are paying full-tuition, causing them to recive [sic] thousands of Dollars in financial aid to which they are not entitled[.]" Id.

3. Falsifying "the loan applications of unqualified students, resulting in dropped students & overpayments[.]" Id.

4. Being "perpetually & . . . continuesly [sic] engaged in fraulant [sic] activity. Id.

Plaintiff alleges he is a victim of defendant's fraudulent activities. Id. He asks that he be "absolved of any Financial burden imposed by student loans & collections," for punitive damages, and for "an injunction suspending all

4

collections arising from the defendant & removed from credit history of the plaintiff[.]" Id. at pp. 3-4.

Even giving plaintiff's complaint a liberal construction, it does not satisfy the pleading standards of Rule 9(b). Plaintiff does not identify any specific instance of fraud. He does not explain who perpetuated the alleged fraud, when it occurred, or what exactly was obtained by defendant as a result of the fraud. Plaintiff makes only "conclusory and generalized allegations" that defendant is fraudulently obtaining federal education money. Strubbe, 915 F.3d at 1163 (internal quotation and citation omitted). The complaint is defective under Rule 9(b). Id. Accordingly, it does not state a claim for relief and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Apart from the pleading deficiency, the court also notes plaintiff may not maintain an FCA claim *pro se*. See United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951); see also United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93-94 (2d Cir. 2008) (collecting modern authority to same effect). The court does not dismiss the case on this basis, but finds it necessary to reiterate this rule because this is plaintiff's second *pro se* FCA suit. See Zerbst v. Univ. of Phoenix Sch. of Bus. et al., Civ. 18-5014 (Docket 7) (D.S.D. May 21, 2018); see also Zerbst v. State of South Dakota, Civ. 17-5074 (Docket 7) (D.S.D. Oct. 16, 2017) (dismissing meritless *pro se* constitutional claim). Given the conclusory nature of plaintiff's complaint and his history of filing meritless *pro se* actions, the court finds appointing counsel in this case is inappropriate and denies his

motion for counsel.[2] See Docket 2; see also Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (setting forth factors to consider in appointing *pro bono* civil counsel). Plaintiff is advised that any future FCA claims brought without counsel may be dismissed.

**ORDER**

For the reasons given above, it is

ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 3) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to electronically file documents (Docket 6) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to withdraw request for waiver of service (Docket 7) is denied as moot.

Dated January 9, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[2]The court also denies the motion to appoint counsel because plaintiff did not attest to any efforts to locate counsel on his own. (Docket 3).