UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAKOTA LEE ZERBST,<br><br>              Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF PHOENIX,<br><br>              Defendant. | CIV. 19-5058-JLV<br><br>AMENDED ORDER |

Plaintiff Dakota Lee Zerbst brought this False Claims Act case *pro se*. (Docket 1). The court granted plaintiff leave to proceed *in forma pauperis* and dismissed the case. (Docket 10). The court determined plaintiff's complaint did not sufficiently allege fraud under the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and that plaintiff could not bring an FCA action *pro se*. Id. Plaintiff appealed the court's judgment and now moves for leave to appeal *in forma pauperis*. (Dockets 13 – 15). The court denies the motion.

A party may proceed on appeal *in forma pauperis* automatically if pauper status was granted in the district court. Fed. R. App. P. 24(a)(3). However, automatic pauper status is revoked if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A). Because plaintiff elected to file a motion for pauper status on appeal instead of proceeding automatically, the court must determine whether the appeal is taken in good faith. "Good faith in this context is judged

by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cty. Sheriff Office, No. 10-CV-2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)). In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court finds plaintiff's appeal is not taken in good faith because it is legally frivolous. As noted in the court's order dismissing the case, plaintiff cannot maintain a FCA action *pro se*, regardless of whether his complaint met the heightened pleading standard in a fraud case. (Docket 10). The court finds plaintiff would "lack[] an arguable basis either in law or in fact" in contesting this foundational error with his case on appeal. Neitzke, 490 U.S. at 325. The court must deny plaintiff's motion for leave to proceed *in forma pauperis* on appeal.

Accordingly, it is

ORDERED that plaintiff's motion for leave to appeal *in forma pauperis* (Docket 15) is denied.

IT IS FURTHER ORDERED that plaintiff shall pay the $505 appellate filing fee to the Clerk of the United States District Court for the District of South

Dakota or seek leave to proceed *in forma pauperis* in the United States Court of Appeals for the Eighth Circuit.

Dated February 13, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE